UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LASALLE BANK NATIONAL ASSOCIATION, | ) ) ) | CASE NO. 1:06-CV-01187 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE ANN ALDRICH |
| RICHARD V. BEEMAN, et at., | ) ) | |
| Defendants. | ) ) | <u>MEMORANDUM OF OPINION</u> |

This matter is before the Court on the motion of plaintiff LaSalle Bank National Association, as Trustee for certificate holders of Bear Stearns Asset Backed Securities, Inc. Asset Backed Certificates, Series 2004-HE2's motion for summary judgment and decree in Foreclosure, to obtain judgment against Richard V. Beeman and Louise A. Beeman as described in the complaint, to foreclose the lien of the mortgage securing the obligation of such note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

LaSalle filed this motion on August 8, 2006 and no opposition has been filed. According to Local Rule 7.1(g), "[t]he Judicial Officer may rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." N.D. Ohio Civ.R. 7.1(g). For the following reasons, the motion for summary judgment (Docket No. 23) is GRANTED.

I. FACTUAL BACKGROUND

On May 24, 2003, defendants Richard V. Beeman and Louise A. Beeman executed a promissory note. Defendants also executed and delivered a mortgage to secure amounts due on the note. Plaintiff is the holder and owner of the note and the mortgage. The mortgage conveys

to plaintiff property commonly known as 20090 Trapper Trail, Strongsville, OH 44149, parcel number 393-16-035.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The party moving for summary judgment has the initial burden to either (1) present affirmative evidence negating an element of the non-movant's claim or (2) demonstrate "an absence of evidence to support the non-moving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Once that burden is met, the non-movant must set forth sufficient evidence to create a genuine issue of material fact.  Klepper v. First Am. Bank, 916 F.2d 337, 342 (6th Cir. 1990).  To avoid summary judgment, the non-movant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.

All reasonable factual inferences must be drawn in favor of the non-movant.  Humenny v. Genex Corp., 390 F.3d 901, 904 (6th Cir. 2004) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  However, "the mere existence of some alleged factual disputes between the parties will not defeat an otherwise properly supported motion for summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  Indeed, "[a] mere scintilla of evidence is insufficient; rather there must be evidence on which the jury could reasonably find for the non-movant."  Humenny, 390 F.3d at 904 (internal quotation omitted).

When evaluating cross-motions for summary judgment, the court is obligated to analyze each motion on its own merits and view facts and inferences in the light most favorable to the non-movant. Westfield Ins. Co. v. Tech Dry Inc., 336 F.3d 503, 506 (6th Cir. 2003).

### III. ANALYSIS

A.  Motion for Summary Judgment

The note, mortgage and affidavit together establish that there is no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law. The evidence establishes that defendants executed and delivered the note and the mortgage, that plaintiff is the holder and owner of the note and the mortgage, that defendants have not made required installment payments on the note, and that defendants are in default under the terms and conditions of the note and the mortgage. As a result of defendants' default, the note has been accelerated, requiring defendants to pay immediately all unpaid principal and interest on the note. As a result of the acceleration of the note and defendants' failure to cure the default, there is currently due and payable on the Note principal in the amount of $207,031.90, plus interest on the outstanding principal balance at the rate of 10.5% per annum from January 1, 2006.

The court finds that:

1. The following defendants are in default of motion or answer:

   a. Fifth Third Bank, successor in interest to Strongsville Savings Bank;

   b. Citifinancial, Inc.

Accordingly, the court takes the allegations contained in the complaint as true, including that there is due and owing to the plaintiff from the defendants, Richard V. Beeman and Louise A. Beeman, upon the subject note the principal balance of $207,031.90, for which judgment is

-3-

hereby rendered in favor of the plaintiff, with interest at the rate of 10.5 percent per annum from January 1, 2006, together with late charges, plus advances, if any, made by plaintiff to protect its interest in the property, plus costs and expenses incurred by plaintiff to enforce its rights under the subject note and mortgage.

The court finds on the basis of plaintiff's complaint, the answers filed in this action, and the evidence submitted, including the affidavit and exhibits filed by plaintiff in support of its motion for summary judgment, that there are no genuine issues of material fact in this action and that plaintiff is entitled to judgment in its favor as a matter of law. The court further finds that reasonable minds can come to but one conclusion, which is adverse to mortgagors, and therefore grants plaintiff's motion for summary judgment.

The note is secured by the mortgage held by the plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

Situated in the City of Strongsville, County of Cuyahoga and State of Ohio:

Being Sublot No. 116 in Crystal Creek Subdivision Phase III of part of Original Strongsville Township Lot(s) Nos. 65 and 76, as shown by the recorded plat in Volume 249 of Maps, page 95 of Cuyahoga County Records, and forming a parcel of land 70.00 feet front on the Easterly side of Trapper Trail and having a curved turnout of 31.42 feet between the Easterly side of Trapper Trail and the Southerly side of Winding Trail and extending back 150.00 feet deep on the Northerly line, which is also the Southerly side of Winding Trail, 170.00 feet deep on the Southerly line, and having a rear line of 90.00 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Parcel Number: 393-16-035

Commonly known as: 20090 Trapper Trail, Strongsville, Ohio

Taking as true the allegations contained in plaintiff's complaint, the court finds that the mortgage was filed for record on June 2, 2003, and recorded as Instrument Number 200306020113 in the Cuyahoga County Recorder's Office; that the mortgage, together with the

note, was assigned to the plaintiff by an assignment of mortgage filed for record on August 10, 2004 as Instrument Number 200408100521 in the Cuyahoga County Recorder's Office; that the conditions of said mortgage have been broken; and that plaintiff is entitled to have the equity of redemption of the defendants-titleholders foreclosed.

## IV. CONCLUSION

For the foregoing reasons, the motion for summary judgment is GRANTED. Specifically, IT IS THEREFORE ORDERED**,** that unless the sums herein above found to be due to plaintiff LaSalle Bank National Association, as Trustee for certificate holders of Bear Stearns Asset Backed Securities, Inc. Asset Backed Certificates, Series 2004-HE2, and the costs of this action, be fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendants-titleholders in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein.

IT IS SO ORDERED**.**

/s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: **November 17, 2006**